1   **McGuireWoods LLP**
    Alicia A. Baiardo (SBN 254228)
2   Jenny Yi (SBN 314540)
    abaiardo@mcguirewoods.com
3   jyi@mcguirewoods.com
    Two Embarcadero Center,
4   201 Clay Street Suite 1300
    San Francisco, CA 94111
5   Telephone:  (415) 844-9944
    Facsimile:  (415) 844-9922
6
    *Attorneys for Defendant*
7   *The University of Phoenix, Inc.*

8

9                    **UNITED STATES DISTRICT COURT**

10                   **EASTERN DISTRICT OF CALIFORNIA**

11  CHADERICK A. INGRAM,                    Case No.:

12            Plaintiff,                    [County of Sacramento Superior Court Case
                                            No. 25CV018571]
13       vs.
                                            **DEFENDANT THE UNIVERSITY OF**
14  THE UNIVERSITY OF PHOENIX, INC.,        **PHOENIX, INC.'S NOTICE OF**
                                            **REMOVAL OF CIVIL ACTION FROM**
15            Defendant,                    **STATE COURT**

16                                          Complaint Filed: August 6, 2025

17

18

19

20

21

22

23

24

25

26

27

28

---
DEFENDANT'S NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant The University of Phoenix, Inc. ("UOP"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of  Sacramento (the "State Court"), in which the action is currently pending, to the United States District Court for the Eastern District of California on the grounds that this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 based upon complete diversity of jurisdiction and an amount in controversy that exceeds $75,000. In support of this Notice of Removal, UOP states as follows:

**STATE COURT ACTION**

1.      On August 6, 2025, Plaintiff Chaderick A. Ingram ("Plaintiff") filed a Complaint ("Complaint") in the State Court styled as *Chaderick A. Ingram v. The University of Phoenix, Inc.*, Case No. 25CV018571 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A.** Plaintiff's Complaint asserts ten causes of action, five of which appear to be separate causes of action for intentional torts and five of which also appear to be separate causes of action for general negligence.

2.      On August 14, 2025, UOP's registered agent for service of process was served with copies of the Summons and Complaint. A true and correct copy of the Summons is attached hereto as **Exhibit B**. True and correct copies of every other process, pleading, and order entered in the State Court Action to date are attached to hereto as the exhibits identified below:

| Exhibit | Description |
|---------|-------------|
| **C** | Civil Case Cover Sheet |
| **D** | Statement of Venue |
| **E** | Order on Court Fee Waiver |
| **F** | Notice of Case Assignment and Case Management Conference |
| **G** | Proof of Personal Service. |

**TIMELINESS OF REMOVAL**

3.    This action has not previously been removed to federal court.

4.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), which provides that such notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." UOP filed this Notice of Removal within 30 days of August 14, 2025, the date on which Plaintiff served UOP's agent for service of process with the Complaint. Because the 30-day deadline fell on a weekend, UOP's deadline to file the notice of removal is extended to Monday, September 15, 2025. *See* Fed. R. Civ. P. 6(a); *Doe #1400 v. Stanford Health Care*, 2025 WL 356496, at *4 (N.D. Cal. Jan. 31, 2025). Thus, this removal is timely.

**REMOVAL JURISDICTION - DIVERSITY**

5.    This Court has jurisdiction over this action under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b).

6.    As required by 28 U.S.C. § 1441, UOP seeks to remove this case to the United States District Court for the Eastern District of California, which is the court and division embracing the place where the State Court Action has been filed. As such, venue in this District is appropriate.

7.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is an action that may be removed to this Court by UOP, because (1) there is complete diversity of the parties and (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

***Complete Diversity Exists Between the Parties***

8.    **Plaintiff's Citizenship.** Plaintiff's Complaint lists an address in Sacramento, California as his address in his State Court Action filings, specifically noting that his listed address "qualifies this case for [jurisdiction within Sacramento]". Ex. A at 1; Ex. D at 1. Based on public records, Plaintiff has previously identified himself as a citizen of California in court filings. *See, e.g., Chaderick A. Ingram v. City of Sacramento*, Case No. 12-cv-1978, at Dkt. 1-1, 2012 WL 5129424 (E.D. Cal. filed July 30, 2012) ("Plaintiff, *Chaderick Ingram,* and at all times mentioned is a resident of the city of Sacramento, Sacramento County, California"). Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen

DEFENDANT'S NOTICE OF REMOVAL

1  of the state in which he or she is domiciled); *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 885–

2  886 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing

3  domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew*

4  *v. Moss*, 797 F.2d 747, 751–752 (9th Cir. 1986) (holding that California was the state of domicile

5  for a party with a California residential address); *Bey v. Geiser*, 2019 WL 12447340, at *1 (C.D. Cal.

6  May 21, 2019) (determining pro se Plaintiff was a resident of California because the complaint listed

7  "a California address as Plaintiff's mailing address").

8       9.    **UOP's Citizenship.** UOP is a corporation organized under the laws of the State of

9  Arizona with its principal place of business in Phoenix, Arizona. *See* Request for Judicial Notice in

10  Support of UOP's Notice of Removal of Civil Action from State Court ("RJN") at Ex. 1 and 2. At

11  its corporate headquarters in Arizona, UOP's officers direct, control, and coordinate UOP's

12  activities, and the majority of UOP's executive and administrative functions are performed there.

13  Thus, UOP is not a citizen of California but rather was, and is, a citizen of Arizona. *See* 28 U.S.C. §

14  1332(c)(1) (for diversity purposes, "[a] corporation shall be deemed a citizen of any State by which

15  it has been incorporated and of the State where it has its principal place of business"); *see also Hertz*

16  *Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (the "'principal place of business' is best read as referring

17  to the place where a corporation's officers direct, control, and coordinate the corporation's

18  activities," and in practice, the principal place of business "should normally be the place where the

19  corporation maintains its headquarters—provided that the headquarters is the actual center of

20  direction, control, and coordination"). Accordingly, UOP is now, and was at all material times, a

21  citizen of Arizona within the meaning of 28 U.S.C § 1332(c).

22       10.   **Citizenship is Diverse.**  Because Plaintiff is a citizen of California and UOP is a

23  citizen of Arizona, the citizenship of all parties is diverse.

24                 ***The $75,000 Amount In Controversy Threshold Is Satisfied***

25       11.   The threshold amount associated with diversity jurisdiction must exceed $75,000. 28

26  U.S.C. § 1332(a). A plaintiff's complaint is a court's "first source of reference in determining the

27  amount in controversy." *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1202 (9th

28  Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Plaintiff

requests compensatory and punitive damages in the amount of more than $10.5 million.[1] *See* Ex. A at ¶ 14. Accordingly, the amount in controversy in this action exceeds the sum of $75,000, exclusive of interest and costs. *See Hensley v. Lazer Spot, Inc.*, 2020 WL 1922167, at *2 (E.D. Cal. Apr. 21, 2020) (denying motion to remand and holding that diversity jurisdiction existed because plaintiff alleged $4,99,999.99 in damages in his complaint and rejecting argument from plaintiff that this amount was an error and that the amount in controversy was actually less than $75,000); *Rivera v. California Cmty. Hous. Agency*, 2021 WL 1564441, at *3 (E.D. Cal. Apr. 21, 2021) (concluding that amount in controversy was satisfied where plaintiff alleged $4.1 in "unexplained sums of damages" because "the district court must accept the amount in controversy claimed by the plaintiff unless it can declare to a legal certainty that the case is worth less.").

## CONSENT

12.     UOP is the only named defendant to this action. As such, the consent requirement of 28 U.S.C. § 1446(b)(2)(A) is inapplicable.

## RESERVATION OF RIGHTS

13.     Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by UOP of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of UOP's rights, claims, remedies, and defenses in connection with this action, including its right to compel arbitration of the claims asserted in this action, all of which are hereby fully and expressly reserved. Further, UOP expressly reserves the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include

---

[1] UOP denies that Plaintiff is entitled to any damages, let alone $10.5 million, however, for purposes of removal jurisdiction, UOP and this Court must take the allegations as true in determining the amount in controversy. *Villegas v. Ford Motor Co.*, 2023 WL 3144540, at *11 (E.D. Cal. Apr. 28, 2023), *report and recommendation adopted*, 2023 WL 4669863 (E.D. Cal. July 20, 2023) ("in evaluating the amount in controversy, the Court must accept Plaintiff's allegations as true and assume Plaintiff will be successful on all of his claims").

any additional sums sought in the Complaint not included herein, should any aspect of this removal and/or the information set forth herein be challenged.

**NOTICE**

14.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be served on Plaintiff's address stated on the Complaint. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court of the Superior Court of the State of California for the County of Sacramento.

WHEREFORE, UOP having provided notice as required under 28 U.S.C § 1446(d), the above-captioned action should be removed from the State Court to this Court.

DATED:  September 15, 2025          **McGuireWoods LLP**


                                    By:  */s/ Jenny Yi*
                                         Alicia A. Baiardo
                                         Jenny Yi

                                         *Attorneys for Defendant*
                                         *The University of Phoenix, Inc.*

DEFENDANT'S NOTICE OF REMOVAL

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on September 15, 2025, I electronically transmitted the foregoing

3 document described as **DEFENDANT THE UNIVERSITY OF PHOENIX, INC.'S NOTICE**

4 **OF REMOVAL OF CIVIL ACTION FROM STATE COURT** with the Clerk of the United

5 States District Court for the Eastern District of California using the CM/ECF system.

6       I further certify that on September 15, 2025, I caused to be served the foregoing documents

7 by electronic mail and by FedEx overnight delivery as follows:

8 Chaderick A. Ingram
Pro Se Plaintiff
9 1060 North Ave.
Sacramento, CA 95838
10 therealgummyfheet@gmail.com
916.885.2182
11

12                              */s/ Jenny Yi*
                                Jenny Yi

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT A**

# **EXHIBIT A**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**          STATE BAR NUMBER: | **Filed**<br>**Superior Court of California**<br>Sacramento   *FOR COURT USE ONLY*<br>08/06/2025<br>russelt<br>By _____, **Deputy**<br>**25CV018571** |

| |
|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**          STATE BAR NUMBER: |
| NAME: Chaderick A. Ingram |
| FIRM NAME: |
| STREET ADDRESS: 1060 North Avenue |
| CITY: Sacramento          STATE: CA     ZIP CODE: 95838 |
| TELEPHONE NO.: 916-885-2182          FAX NO.: |
| EMAIL ADDRESS: therealgummyfheet@gmil.com |
| ATTORNEY FOR (name): In Pro Per. |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Sacramento |
| STREET ADDRESS: 720 9th Street |
| MAILING ADDRESS: 720 9th Street |
| CITY AND ZIP CODE: Sacramento, 95838 |
| BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse |

| |
|---|
| PLAINTIFF: Chaderick A. ingram |
| DEFENDANT: The University of Phoenix, Inc. |
| ☐ DOES 1 TO _____ |

| | |
|---|---|
| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death**<br>☐ **AMENDED** *(Number):*<br>**Type** *(check all that apply):*<br>☐ **MOTOR VEHICLE**   ☐ **OTHER** *(specify):*<br> ☐ **Property Damage**   ☐ **Wrongful Death**<br> ☒ **Personal Injury**   ☐ **Other Damages** *(specify):*<br>**Jurisdiction** *(check all that apply):*<br>☐ **ACTION IS A LIMITED CIVIL CASE (does not exceed $35,000)**<br> Amount demanded  ☐ does not exceed $10,000<br>              ☐ exceeds $10,000<br>☒ **ACTION IS AN UNLIMITED CIVIL CASE (exceeds $35,000)**<br>☐ **ACTION IS RECLASSIFIED by this amended complaint**<br> ☐ **from limited to unlimited**<br> ☐ **from unlimited to limited** | **CASE NUMBER:** |

1. **Plaintiff** *(name or names):* Chaderick A. Ingram

   alleges causes of action against **defendant** *(name or names):*
   The University of Phoenix, Inc.

2. This pleading, including attachments and exhibits, consists of the following number of pages: 20 pages.

3. Each plaintiff named above is a competent adult
   a. ☐ **except** plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   b. ☐ **except** plaintiff *(name):*
      (1) ☐ a corporation qualified to do business in California.
      (2) ☐ an unincorporated entity *(describe):*
      (3) ☐ a public entity *(describe):*
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) ☐ other *(specify):*
      (5) ☐ other *(specify):*
   ☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ingram v. The University of Phoenix, Inc. | |

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown.
      (2) ☐ a corporation.
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

   a. ☐ Doe defendants *(specify Doe numbers):*                 were the agents or employees of other
      named defendants and acted within the scope of that agency or employment.

   b. ☐ Doe defendants *(specify Doe numbers):*                 are persons whose capacities are unknown to
      plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because

   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**

   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ingram v. The University of Phoenix, Inc. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☒ Intentional Tort

d. ☐ Products Liability

e. ☐ Premises Liability

f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

a. ☐ wage loss.

b. ☐ loss of use of property.

c. ☒ hospital and medical expenses.

d. ☒ general damage.

e. ☐ property damage.

f. ☐ loss of earning capacity.

g. ☒ other damage *(specify):*
Plaintiff is protected by ADA and has been discriminated against , violating his civil rights. CivCode section, 3294, plaintiff is asking to recover punitive damages.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages.

(2) ☒ punitive damages.

b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:

(1) ☒ according to proof.

(2) ☒ in the amount of: $ 10.5 Million+

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows  *(specify paragraph numbers)*:
Cause of acton 1 of 5, #1-3. Cause of Action 2 of 5, #1. Cause of action 3 of 5, #1-4. Cause of action 4 of 5, #1. Cause of action 5 of 5, #1-4.

Date: 7/31/2025

Chaderick A. Ingram
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form    Save this form    Clear this form

**PLD-PI-001(3)**

| SHORT TITLE:<br>Ingram v. The University of Phoenix, Inc. | CASE NUMBER |
|---|---|

1 _____   **CAUSE OF ACTION—Intentional Tort**   Page 1 of 5 _____
   (number)

ATTACHMENT TO   [■] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Chaderick A. Ingram

   alleges that defendant *(name):* The University of Phoenix, Inc.

   [ ] Does _____ to _____

   was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
   caused the damage to plaintiff

   on *(date):* Around March, 2024

   at *(place):* Over the phone

   *(description of reasons for liability):*
   The defendants intentionally engaged in a conspiracy with a former college attended by the plaintiff, with the aim of inflicting
   harm, acting with full knowledge of their actions. They acted willfully and unlawfully, understanding the malice behind their
   conduct, which included deceit and oppression. Their deliberate efforts to undermine the plaintiff's earlier achievements, after
   the defendants approved the plaintiff of earning 30-39 credits, were rooted in their intent to cause damage, fully aware of the
   malicious consequences of their collaboration. This constitutes a clear case of intentional tort, reflecting their calculated
   actions to harm the plaintiff's reputation and standing.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

**PLD-PI-001(3)**

| SHORT TITLE:<br>Ingram v. The University of Phoenix, Inc. | CASE NUMBER |
|---|---|

_2_____      **CAUSE OF ACTION—Intentional Tort**     Page 2 of 5 _____
   (number)

ATTACHMENT TO    [ ✶ ] Complaint     [ ] Cross - Complaint

   *(Use a separate cause of action form for each cause of action.)*

  IT-1. Plaintiff *(name):* Chaderick A. Ingram

      alleges that defendant *(name):* The University of Phoenix, Inc.

      [ ] Does _____ to _____ .

    was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
    caused the damage to plaintiff

    on *(date):* Around April or May, 2024

    at *(place):* Over the phone

    *(description of reasons for liability):*
    The defendants committed an intentional tort by willfully causing harm to the plaintiff through deceitful actions and
    disrespectful treatment. Despite the clear guidelines indicating that PLA essays could be submitted in PDF format, the
    defendants knowingly denied all of the plaintiff's submissions, demonstrating a blatant disregard for the plaintiff's rights and
    efforts. Their actions were not only calculated to inflict mental anguish, depression, and distress but were also aimed at
    undermining the plaintiff's pursuit of an education. By lying and dismissing the plaintiff's work without just cause, the
    defendants engaged in conduct that shows a deliberate intent to cause harm, reflecting their awareness of the detrimental
    impact on the plaintiff's academic standing and mental well-being.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]
**CAUSE OF ACTION—Intentional Tort**
Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]   [ Save this form ]    [ Clear this form ]

**PLD-PI-001(3)**

| SHORT TITLE:                          | CASE NUMBER |
|---------------------------------------|-------------|
| Ingram v. The University of Phoenix, Inc. |             |

3 _____          **CAUSE OF ACTION—Intentional Tort**          Page 3 of 5 _____

     (number)

ATTACHMENT TO    [ * ] Complaint    [ ] Cross - Complaint

    *(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Chaderick A. Ingram

    alleges that defendant *(name):* The University of Phoenix, Inc.

    [ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff

on *(date):* Around April, 2024

at *(place):* Over the phone

*(description of reasons for liability):*
In context of intentional tort, it is essential to address the actions of the defendants, who conspired with DPT ED/AIDV to
deliberately harm the plaintffs' credit scores, which were negatively reflected across all three of the plaintiffs' credit repots. The
defendants executed an unauthorized transaction without obtaining the plaintiffs' consent within the school's financial domain,
collaborating with DPT ED/AIDV to facilitate this breach. In the aftermath, both the defendants and DPT ED/AIDV shifted
blame onto one another, exacerbating the situation and causing significant mental anguish to the plaintiff. This reckless
conduct not only interfered witht he plaintiffs' financial standing but also inflicted emotional distress, highlighting the serious
implications of their intentional tortious actions.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]    [ Save this form ]    [ Clear this form ]

**PLD-PI-001(3)**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Ingram v. The University of Phoenix, Inc. | |

4 _____    **CAUSE OF ACTION—Intentional Tort**    Page 4 of 5 _____
   (number)

ATTACHMENT TO    [ ■ ] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* Chaderick A. Ingram

alleges that defendant *(name):* The University of Phoenix, Inc.

[ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
caused the damage to plaintiff

on *(date):* Around January, 2025

at *(place):* Over the phone

*(description of reasons for liability):*
An intentional tort occurs when an individual purposely engages in actions that result in harm to another party, either through
deceit or wrongful conduct. In the this case, the defendants misled the plaintiff on multiple occasions, specifically, providing
false information through three different staff members over the phone regarding the availability of extra credits for CJA
courses. The plaintiff fulfilled the maximum credits that could be earned by completing PLA essays, and the defendants
repeatedly misrepresented the facts regarding earning additional credits, effectively misleading the plaintiff. This behavior
appears to have been deliberate, an intent to cause harm and discrimination against the plaintiff. Such actions not only
undermine the principles of fairness and transparency but also constitute a serious violation of trust, warranting examination
under the framework of intentional tort

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

**PLD-PI-001(3)**

| | |
|---|---|
| SHORT TITLE:<br>Ingram v. The University of Phoenix, Inc. | CASE NUMBER |

5_____      **CAUSE OF ACTION—Intentional Tort**      Page 5 of 5 _____
  (number)

ATTACHMENT TO   [■] Complaint      [ ] Cross - Complaint

  *(Use a separate cause of action form for each cause of action.)*

  IT-1. Plaintiff *(name):* Chaderick A. Ingram

   alleges that defendant *(name):* The University of Phoenix, Inc.


   [ ] Does _____ to _____

   was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally
   caused the damage to plaintiff

   on *(date):* Around June, 2025

   at *(place):* Over the phone

   *(description of reasons for liability):*
   This intentional tort occurred when the defendants deliberately acted in a way that caused mental harm, emotional distress,
   depression stemming to physical injury to the plaintiff. The defendants fabricated false allegations regarding critical
   documentation related to the plaintiff's financial aid application for the 2025-2026 academic year with FASFA. After FASFA
   had already approved the plaintiff's application and issued a check to support his college program, the defendants made
   deceitful claims that ultimately led to the unlawful cancellation of the plaintiff's program. This was particularly damaging as the
   plaintiff had earned over 90 credits, and the defendants' intentional lies jeopardized his academic progress and financial
   stability.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Intentional Tort**

Code of Civil Procedure, § 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear
This Form button after you have printed the form.      [ Print this form ]   [ Save this form ]      [ Clear this form ]

**PLD-PI-001(6)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ingram v. The University of Phoenix, Inc. | |

## Exemplary Damages Attachment        Page ___1___

ATTACHMENT TO    [✔] Complaint    [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):*

    The University of Phoenix, Inc.

Plaintiff alleges defendant was guilty of

[✔]  malice

[✔]  fraud

[✔]  oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages
to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

These exemplary damages are warranted in this case due to the defendants' intentional and
malicious actions that directly and significantly harmed the plaintiff. The defendants engaged in
deceitful conduct by deliberately misrepresenting and concealing crucial facts, which they were
fully aware could inflict severe emotional distress  a conscious disregard for the plaintiff's civil
rights and well-being, culminating in cruel and unjust treatment that can only describe as cruel and
unsual punishment. This misconduct persisted from the very onset of the academic program, where
the defendants allegedly defrauded the plaintiff with false promises, continuing until the unjust
cancellation of the plaintiffs' college program based on unfound allegations and blatant lies. The
defendants' blatant disrespect and fraudulent behavior not only caused mental anguish, emotional
distress, severe depression, and substantial hardship for the plaintiff but also demonstrated a
flagrant disregard for the principles of fairness and justice by a univer

EX-3. The amount of exemplary damages sought is

    a. [✔]  not shown, pursuant to Code of Civil Procedure section 425.10.

    b. [ ]  $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

**PLD-PI-001(2)**

| SHORT TITLE:<br>Ingram v. The University of Phoenix, Inc. | CASE NUMBER: |
|---|---|

1 _____      **CAUSE OF ACTION—General Negligence**    Page   1 of 5

      *(number)*

ATTACHMENT TO   ☒ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:   Chaderick A. Ingram

alleges that defendant *(name):* The University of Phoenix, Inc.

     ☐ Does   _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: Around March, 2024

at *(place):* Over the phone

*(description of reasons for liability):*
1. The University of Phoenix informed the plaintiff that the plaintiff had over 30 to 39 credits prior to the start date of April 9, 2024, credits included from Ashford University in Arizona and another college that the plaintiff attended. 2. Right before this start date, when the plaintiff called the University of Phoenix, the plaintiff was told that no such guarantee was ever given, as the guarantee was confirmed by the University's recorded and monitored phone call. 3. The plaintiff then contacted Ashford University, which is now Arizona Global University, and they conspired a negative collaboration with the University of Phoenix by providing false information regarding the plaintiff's earned credits and attempting to reduce the plaintiff's credits and tried to reduce the length of the plaintiff's attendance at Ashford University in Arizona. The defendants knew what they were doing, causing mental anguish, depression, and anxiety due to the cause of this negligent action

Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12<br>www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]   [ Save this form ]    [ Clear this form ]

**PLD-PI-001(2)**

| SHORT TITLE:<br>Ingram v. The University of Phoenix, Inc. | CASE NUMBER: |
|---|---|

2
_____
(number)

**CAUSE OF ACTION—General Negligence**   Page   2 of 5

ATTACHMENT TO  [x] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  Chaderick A. Ingram

alleges that defendant *(name):* The University of Phoenix, Inc.

[ ] Does   _____   to   _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on *(date)*: Around April or May, 2024

at *(place)*: Over the phone

*(description of reasons for liability):*
The defendants offer a few alternative programs that allow students to earn credits and save money on tuition. The plaintiff
volunteered to submit Prior Learning Assessments (PLA) essays to earn these credits, rapidly, and the defendants did not
like that. According to the instructions provided under the submission guidelines, PLA submissions are accepted in PDF
format. 1. The plaintiff submitted multiple PLA essays in the appropriate format, but the defendant's raised issues with these
submissions, ultimately denying the plaintiff's PLA essays with an abnormally created reason or explanation. This action
violated the plaintiff's rights, as the plaintiff was forced to resubmit the essays multiple times, resulting in a discriminatory
experience. The defendants knew, causing mental anguish, depression, and anxiety due to the cause of this negligent action
would mentally stem to physical harm affecting the plaintiff.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

**PLD-PI-001(2)**

| SHORT TITLE: Ingram v. The University of Phoenix, Inc. | CASE NUMBER: |
|---|---|

<u>3</u>
   (number)

### CAUSE OF ACTION—General Negligence

Page    <u>3 of 5</u>

ATTACHMENT TO   [■] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Chaderick A. Ingram

alleges that defendant *(name):* The University of Phoenix, Inc.

[ ] Does    _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: Around April, 2024

at *(place)*: Over the phone

*(description of reasons for liability):*

!. The defendants collaborated and conspired with the DPT ED/AIDV, creating a detrimental negative illegal unauthorized charge that ended up on all three credit reports of the plaintiff due to an illegal entry linked to the plaintiff's name with the defendants. The plaintiff reached out to the defendants on their recorded and monitored phone call to address the theft associated with the plaintiff's name and the unauthorized charge on the plaintiff's credit report. 2. Similarly, the plaintiff contacted the DPT ED/AIDV, but was met with blame directed towards the defendants, while the defendants shifted blame back onto the DPT ED/AIDV. 3. The plaintiff has been receiving harassing emails and phone calls from the defendants. demanding continuous tuition payment, despite the due date being set six months after graduation. This leads to the conclusion that the defendants have deliberately discriminated against the plaintiff, knowingly, unlawfully, and willingly violating the plaintiffs civil rights. 4. The defendants continued to violate the plaintiff by providing multiple hours of false information, which went in circles, and engaging in discussions over several days in circles regarding this unlawful issue caused by the defendants. The defendants knew what they were doing, causing mental anguish, depression, and anxiety due to the cause of this negligent action

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]     [ Clear this form ]

**PLD-PI-001(2)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Ingram v. The University of Phoenix, Inc. | |

4
_____
(number)

## CAUSE OF ACTION—General Negligence    Page ___4___ of 5

ATTACHMENT TO  [■] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* Chaderick A. Ingram

alleges that defendant *(name):* The University of Phoenix, Inc.

[ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on *(date):* Around January, 2025

at *(place):* Over the phone

*(description of reasons for liability):*
Before the plaintiff began CJA courses, the plaintiff was informed on a faithful, recorded, and monitored phone call by the
defendants that more credits could be earned to graduate early, thus saving on the program's tuition. The plaintiff spoke with
three different staff members on more than three separate occasions about the opportunity to receive these credits
regardingthe CJA courses. 1. The plaintiff received lies and a effective run around by the defendants and expereinced instant
discrimination regarding the credits to move forward again. the plaintiff was again disrespected and deceived by the
defendants, who had previously violated the plaintiff civil rights multiple times before the start date of college on April 4th,
2024. The defendants knew what they were doing, causing mental anguish, depression, and anxiety due to the cause of this
negligent action.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    [Print this form]  [Save this form]    [Clear this form]

**PLD-PI-001(2)**

| SHORT TITLE:<br>Ingram v. The University of Phoenix, Inc. | CASE NUMBER: |
|---|---|

5 _____    **CAUSE OF ACTION—General Negligence**    Page ___5 of 5___
     (number)

ATTACHMENT TO  [ ☒ ] Complaint    [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):*  Chaderick A. Ingram

    alleges that defendant *(name):* The University of Phoenix, Inc.

       [ ] Does _____ to _____

    was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
    negligently caused the damage to plaintiff

on *(date):* Around June, 2025

at *(place):* Over the phone

*(description of reasons for liability):*
1. In this case of general negligence, the defendants have made false claims regarding the plaintiff about a required document for the 2025-2026 FASFA application, which was absolutely false. 2. The defendants stated that the plaintiff was alerted and notified on May 3, 2025, and May 5, 2025 about the document that has the plaintiff enrolled with the defendants, which was absolutely untrue. The FASFA was approved, and the plaintiff was sent a check from FASFA for the 2025-2026 academic year, and the plaintiff had been enrolled in multiple colleges without any issues related to documentation. 3. The defendants unjustly shifted blame onto the government and went so far as to cancel the plaintiff's next course despite having earned 90 credits. The plaintiff would have been eligible to graduate with the included credits that were approved on a recorded and monitored phone call before April 9, 2024, and would have fulfilled the requirements of the B.S. degree. 4. The defendants negligent behavior has caused the plaintiff agony, top tier anxiety, depression, mental anguish, a loss of appetite, and an unresolved academic year and career.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]
**CAUSE OF ACTION—General Negligence**
Code of Civil Procedure 425.12
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

RECEIVED
IN DROP BOX

2025 AUG -6  AM 8:57

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

# EXHIBIT B

# EXHIBIT B

# SUMMONS
## *(CITACION JUDICIAL)*

Issued and Filed
Superior Court of California **SUM-100**
Sacramento
08/07/2025
russelt
By _____, Deputy
25CV018571

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

The University of Phoenix, Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Chaderick A. Ingram

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento Superior Court

720 9th Street, Sacramento, CA. 95814

| CASE NUMBER: |
|---|
| *(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Chaderick A. Ingram    1060 North Avenue, Sacramento, CA. 95838.    916-885-2192

DATE: **AUG - 7 2025**
*(Fecha)*

Clerk, by _____, Deputy
*(Secretario)*                                      *(Adjunto)*
P. RUSSELL

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

RECEIVED
IN DROP BOX

2025 AUG -6  AM 8: 55

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

# **EXHIBIT C**

# **EXHIBIT C**

CM-010

**Filed**
**Superior Court of California**
Sacramento
*FOR COURT USE ONLY*
08/06/2025
russelt
By _____, Deputy
25CV018571

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* <br> Chaderick A. Ingram <br> 1060 North Avenue <br> Sacramento, CA. 95838 <br> TELEPHONE NO.: 916-885-2182   FAX NO. : <br> EMAIL ADDRESS: therealgummyfheet@gmail.com <br> ATTORNEY FOR *(Name):* In Pro. Per. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento**
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, CA. 95838
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

**CASE NAME:**
Chaderick A. Ingram v. The University of Phoenix, Inc.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | **CASE NUMBER:** |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder <br> Filed with first appearance by defendant *(Cal. Rules of Court, rule 3.402)* | |
| | | **JUDGE:** <br> **DEPT.:** |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[x] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 5 causes of action.
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/3/2025
Chaderick A. Ingram
(TYPE OR PRINT NAME)                          ▶  *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

RECEIVED
IN DROP BOX

2025 AUG -6   AM 8:55

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

---

CM-010 [Rev. January 1, 2024]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

Print this form    Save this form    Clear this form

# **EXHIBIT D**

# **EXHIBIT D**

Chaderick A. Ingram
1060 North Ave.
Sacramento, CA. 95838
916-885-2182

Plaintiff, In Pro Per

Filed
Superior Court of California,
Sacramento
08/06/2025
russell
By _____, Deputy
25CV018571

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

Chaderick A. Ingram
       Plaintiff,

   vs.

The University of Phoenix, Inc.
       Defendant,

Case No.: _____

DECLARATION re: VENUE
[Civil Code § 2984.4]

☐ Limited Civil Matter: Amount
   Demanded Less than $35,000
☒ Unlimited Civil Matter: Amount
   Demanded More than $35,000

I, Chaderick A. Ingram, hereby declare that:

1. The contract herein sued upon is hereinafter called and referred to as "the contract."

2. This action is filed in the judicial district in which:

   ☒ The contract was in fact signed.

   ☐ One of defendant(s) currently reside(s) and/or conducts business in this County.

3. The address that qualifies this case for the above-referenced jurisdiction is:

County of Sacramento, 1060 North Avenue, Sac, CA. 95838.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: __7/ 31/2025_____

_____
(Signature)
Chaderick A. Ingram.  Plaintiff

Declaration of Venue - 1

RECEIVED
IN DROP BOX

2025 AUG -6  AM 8: 56

DOWNTOWN COURTHOUSE
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SACRAMENTO

# EXHIBIT E

# EXHIBIT E

**FW-003**

# Order on Court Fee Waiver
## (Superior Court)

*Clerk stamps date here when form is filed.*

**FILED**
Superior Court of California
County of Sacramento

08/07/2025

P. Russell, Deputy

**(1) Person who asked the court to waive court fees:**

Name: Chaderick A. Ingram

Street or mailing address: 1060 North Avenue

City: Sacramento   State: CA   Zip: 95838

**(2) Lawyer, if person in (1) has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

*Fill in court name and street address:*

**Superior Court of California, County of Sacramento**

Gordon D. Schaber Superior Court

720 9th Street
Sacramento, CA 95814

*Fill in case number and name:*

**Case Number:**
25CV018571

**Case Name:**
INGRAM vs THE UNIVERSITY OF PHOENIX, INC.

**(3)** A request to waive court fees was filed on *(date):* 08/06/2025

☐ The court made a previous fee waiver order in this case on *(date):*

*Read this form carefully. All checked boxes ☑ are court orders.*

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**(4)** After reviewing your:   ☑ *Request to Waive Court Fees*   ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☑ The court **grant**s your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:
- Filing papers in superior court
- Court fee for phone hearing
- Making copies and certifying copies
- Giving notice and certificates
- Sheriff's fee to give notice
- Sending papers to another court department
- Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.
- ☐ Jury fees and expenses
- ☐ Fees for a peace officer to testify in court
- ☐ Fees for court-appointed experts
- ☐ Court-appointed interpreter fees for a witness
- ☐ Other *(specify):*

Judicial Council of California, *www.courts.ca.gov*
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

Your name:  Chaderick A. Ingram

Case Number:
25CV018571

b. ☐ The court **denies** your fee waiver request because:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below      ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐  The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below      ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:

- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐  The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
  ☐ Below      ☐ On Attachment 4c(1)

_____
_____
_____
_____
_____

(2) ☐  Bring the items of proof to support your request, if reasonably available, that are listed:
  ☐ Below      ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____
_____
_____

**This is a Court Order.**

**Order on Court Fee Waiver (Superior Court)**

Your name: Chaderick A. Ingram

Case Number:
25CV018571

Name and address of court if different from above:

**Hearing Date**

→ Date: _____ Time: _____
, ,
Dept.: _____ Room: _____

_____

_____

_____

_____

---

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

---

Date: 08/07/2025 _____

*/s/ P. Russell*

P. Russell, Deputy Clerk

*Signature of (check one):* ☐ *Judicial Officer* ☒ *Clerk, Deputy*

## Request for Accommodations



Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:

☐ I handed a copy of this Order to the party and attorney, if any, listed in ①and ②, at the court, on the date below.

☑ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ①and ②, from *(city)*: Sacramento _____ , California, on the date below.

☐ A certificate of mailing is attached.

Date: 08/07/2025 _____    Kelly Sullivan, Interim Court Executive Officer

Clerk, by _____*/s/ P. Russell*_____ , Deputy

Name: _____ P. Russell, Deputy Clerk

**This is a Court Order.**

**FW-010**

## Notice to Court of Improved Financial Situation or Settlement

**CONFIDENTIAL**

*Clerk stamps date here when form is filed.*

**①** **Your Information** *(person with a fee waiver):*

Name: _____

Street or mailing address: _____

City: _____ State: _____ Zip: _____

Phone number: _____

**②** **Your lawyer,** if you have one *(name, address, phone number, e-mail, and State Bar number:* _____

_____

_____

*Fill out court name and street address:*

**Superior Court of California, County of**

**③** Date of your **last** court fee waiver order in this case:
*(date)* _____

*Fill out case number and case name:*

**Case Number:**

**Case Name:**

---

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

---

**④** ☐ My financial situation has changed since the date of the last court fee waiver order in a way that improves my ability to pay fees. I ask the court to do one of the following:

   a. ☐ **End** my fee waiver because my financial situation has improved and I am able to pay my court fees and costs that are due after *(date):* _____ .

   b. ☐ **Review** my updated financial information in the attached *Request to Waive Court Fees.* I believe I am still eligible for a fee waiver. *(Complete form FW-001 and attach to this form.)*

**⑤** ☐ My case has settled for *(check one)* ☐ less than $10,000 ☐ $10,000 or more *(if so, complete a and b below.)*

   a. I *(check one)* ☐ have ☐ have not received the proceeds of the settlement.

   b. The name and address of the party who has agreed to pay the settlement:

_____

_____

**I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.**

Date: _____

_____    _____
*Print your name here*                              *Sign here*

---

Judicial Council of California, *www.courtinfo.ca.gov*
New July 1, 2009, Mandatory Form
Government Code, § 68636(a)

**Notice to Court of Improved
Financial Situation or Settlement**

**FW-010,** Page 1 of 1

# **EXHIBIT F**

# **EXHIBIT F**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SACRAMENTO | Court Use Only |
|---|---|
| COURTHOUSE ADDRESS:<br>Gordon D. Schaber Superior Court<br>720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER:<br>Chaderick A. Ingram | |
| DEFENDANT/RESPONDENT:<br>The University of Phoenix, Inc. | |
| **NOTICE OF CASE ASSIGNMENT<br>AND CASE MANAGEMENT CONFERENCE<br>(UNLIMITED CIVIL CASE)** | CASE NUMBER:<br>25CV018571 |

**THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES SUMMONS IN THIS ACTION UPON A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.**

<u>**NOTICE OF CASE ASSIGNMENT**</u>

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the departments indicated below:

| PURPOSE | DEPARTMENT | COURT LOCATION |
|---|---|---|
| **LAW & MOTION** | 54 | Hall of Justice |
| **CASE MANAGEMENT PROGRAM** | 28 | Gordon D. Schaber Superior Court |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and information about hearing reservations, tentative rulings, and requesting oral argument.

<u>**NOTICE OF CASE MANAGEMENT CONFERENCE**</u>

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **October 2, 2026** in **Department 28** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Tentative Ruling / Confirming Appearance at the Hearing**
The Court will issue a tentative ruling not later than 2:00 p.m. of the court day before the hearing date which may be viewed by logging into the court's online public portal and accessing your case.

<u>Unless an appearance is ordered in the court's tentative ruling, parties do not need to appear at the hearing.</u> A party requesting appearance to contest a tentative ruling must advise the department clerk and the opposing party no later than 4:00 p.m. on the court day before the hearing.

**NOTICE OF CASE ASSIGNMENT<br>AND CASE MANAGEMENT CONFERENCE<br>(UNLIMITED CIVIL CASE)**

| SHORT TITLE: INGRAM vs THE UNIVERSITY OF PHOENIX, INC. | CASE NUMBER: 25CV018571 |
|---|---|

| Remote Appearances | Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings. |
|---|---|
| Minimum Requirements | Prior to the filing of the case management statement, the parties should have done the following:<br><br>• Served all parties named in the complaint within 60 days after the summons has been issued<br>• Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered |
| Certification Filed in Lieu of Case Management Statement | If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement. |
| Case Management Orders | At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date. |
| Compliance | Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money). |
| Continuances | Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference. |

Dated: 08/07/2025                    By:        /s/ P. Russell

P. Russell, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**
**AND CASE MANAGEMENT CONFERENCE**
**(UNLIMITED CIVIL CASE)**

# **EXHIBIT G**

# **EXHIBIT G**

| ATTORNEY (Name and Address): | SBN: | FOR COURT USE ONLY |
|---|---|---|

**Chaderick A. Ingram**
**1060 North Ave.**
**Sacramento, CA 95838**

EMAIL:

ATTORNEY FOR: **In Propria Persona**

NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:

**Superior Court of California, County of Sacramento**
**720 Ninth Street**
**Sacramento, CA 95814**

**FILED/ENDORSED**

AUG 2 6 2025

BY _____ E. Barrientos
Deputy Clerk

PLAINTIFF:
**Ingram**

DEFENDANT:
**The University of Phoenix, Inc.**

COURT CASE NO:
**25CV018571**

## Proof of Service of Summons

LEVYING OFFICER FILE NO:
**2025021583**

1. At the time of the service I was at least 18 years of age and not a party to this action.

2. I served copies of the:

   f. other *(specify documents)*:

   **Civil Case Cover Sheet, Declaration re: Venue, Exemplary Damage Attachment, Fifth Cause of Action, First Cause of Action, Fourth Cause of Action, Second Cause of Action, Summons and Complaint, Third Cause of Action**

3. a. Party Served *(specify name of party as shown on documents served)*:

   **The University Of Phoenix, Inc.**

   b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

   **Rebecca Vang / Authorized Agent**

4. Address where party was served:   **C/O CSC - Lawyers Incorporating Service**
   **2710 Gateway Oaks Dr. Ste 150N**
   **Sacramento, CA 95833**

5. I served the party:

   **a. by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: 08/14/2025 at: 1:20 PM.

6. the "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of *(specify):* The University Of Phoenix, Inc.
      under the following Code of Civil Procedure section: **416.10 (corporation)**

7. **Person who served the papers:**

   a. Name: **F. Conley**

   b. Address: **Sheriff's Civil Bureau, 2969 Prospect Park Drive, Suite 200, Rancho Cordova, CA 95670**

   c. Telephone number: **(916) 875-2665**

   d. **The fee** for service was: **$50.00 (Waived)**

8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   Tuesday, August 19, 2025                    by: _____

Sheriff's Authorized Agent
Jim Cooper

Judicial Council Form POS-010                    **Original**
(c) CountySuite Sheriff, Teleosoft, Inc.