UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHADERICK A. INGRAM,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF PHOENIX, INC.,<br><br>Defendant. | Case No.  2:25-cv-2652-DAD-JDP (PS)<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brought this action in state court alleging various "intentional tort" and "general negligence" claims against the University of Phoenix, Inc. ("defendant").  He claims that defendant: (1) mislead him about the application of credits he earned at another university; (2) wrongfully denied or rejected his prior learning assessment ("PLA") essays; (3) deliberately harmed his credit scores; (4) provided false information about the availability of extra credits for "CJA" credits; and (5) fabricated false information about his financial aid application.  ECF No. 1 at 12-16.  Defendant has filed a motion to dismiss the complaint, ECF No. 4, and plaintiff has filed a motion for summary judgment, ECF No. 9.  The motions are fully briefed, and, after review of the pleadings, I recommend that defendant's motion be granted and plaintiff's be denied.  The complaint should be dismissed without leave to amend.

1

Motion to Dismiss

I.    Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

II.    Analysis

Defendant argues that plaintiff's complaint is non-compliant with Rule 8 of the Federal Rules of Civil Procedure, which requires a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). I agree. Detailed allegations are not required, but the standard requires "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Plaintiff's complaint fails to articulate any cognizable legal theories or to allege any factual support for his vague claims.

2

Beginning with plaintiff's claim regarding academic credits, he alleges that, prior to his start date of April 9, 2024, defendant informed him that he had "30 to 39 credits" from Ashford University. ECF No. 1 at 18. Then, at some later time, but still prior to the start date, defendant reversed course and told him that it had never guaranteed that his credits would be accepted. *Id.* He vaguely alleges that defendant and Ashford University "conspired a negative collaboration" to reduce his credits. *Id.* It is unclear what, if any, legal theory undergirds this claim. Plaintiff categorizes it as "general negligence," but he has failed to plead allegations that, if true, would establish that defendant was negligent. A California law claim for negligence requires a showing that: "(1) the defendant owed the plaintiff a legal duty, (2) the defendant breached that duty, and (3) the breach was a proximate or legal cause of the plaintiff's injuries." *Dougherty v. Bank of Am., N.A.*, 177 F. Supp. 3d 1230, 1257 (E.D. Cal. 2016). Here, plaintiff has not alleged that defendant was under any legal duty to either accept his credits or to, from the first instance, accurately inform him how credits from another institution would be applied. The allegation being raised implicates only academic procedure.

Similarly, plaintiff's claim that defendant did not accept his PLA essays that would have earned him academic credits or tuition savings also fails to attach to any cognizable legal theory. As with his credits claim, plaintiff argues that it sounds in general negligence, but there is no identified legal duty allegedly breached by defendant.

Next, plaintiff alleges that defendant "collaborated and conspired" with the Department of Education to "create a negative illegal unauthorized charge" that damaged his credit report. ECF No. 1 at 20. He offers no details as to the circumstances of the conspiracy, the nature of the charge, or any other context that would enable the reader to understand the specifics of this claim. It is insufficient to meet federal pleading standards. The same fault applies to his claim that defendant made false claims about him in connection with a "FASFA application." *Id.* at 22. I cannot tell what false claim was allegedly made or how it breached any purported legal duty defendant owed plaintiff.

Based on the foregoing, I recommend that defendant's motion to dismiss be granted. Dismissal should be without leave to amend because plaintiff has a long history of frivolous

litigation and has been declared vexatious in this district.  Defendant asks that I take judicial notice of the court filings declaring him vexatious, ECF No. 4-1, and I will do so.  *See Chandler v. United States*, 378 F.2d 906, 909 (9th Cir. 1967) (a court may take judicial notice of its own records).  Those filings show that plaintiff has a penchant for frivolous litigation.  ECF No. 4-1 at 10.  And the current suit appears no better insofar as, in essence, it is a dispute about the application of school policy that plaintiff has attempted to thinly cloak in claims of "general negligence" and "intentional tort."  Thus, I find that leave to amend would be futile and the complaint should be dismissed without leave to amend.  *See Gavin v. City & Cnty. of San Francisco*, No. 15-cv-05202-EMC, 2015 U.S. Dist. LEXIS 156143, *7-8 (N.D. Cal. Nov. 18, 2015) ("While pro se litigants are generally given the opportunity to amend deficient pleadings, leave may be denied where amendment would be futile.  Given the legal deficiency in the vast majority of Plaintiff's claims, as well as Plaintiff's problematic history of litigation in this district, the Court finds that dismissal with prejudice is warranted in this case.").

Conclusion

Accordingly, it is RECOMMENDED that:

1.    Defendant's motion to dismiss, ECF No. 4, be GRANTED and the complaint be DISMISSED without leave to amend.

2.    Plaintiff's motion for summary judgment, ECF No. 9, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within forty-five days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    June 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE